NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JARVIS TZENG, *Petitioner/Appellant*,

*v.*

MICHELLE LONIER, *Respondent/Appellee*.

No. 1 CA-CV 24-0268 FC

FILED 04-22-2025

Appeal from the Superior Court in Maricopa County
No. FC2022-001535
The Honorable Max Covil, Judge

**AFFIRMED**

COUNSEL

Sullivan Law Office PLLC, Mesa
By Dianne Sullivan
*Counsel for Petitioner/Appellant*

Hallier Stearns PLC, Phoenix
By Nicole R. Stearns
*Counsel for Respondent/Appellee*

Jones, Skelton & Hochuli PLC, Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Judge Samuel A. Thumma joined.

---

**W I L L I A M S**, Judge:

¶1 Jarvis Tzeng ("Father") challenges the parenting time orders relating to holidays and the child's birthday. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Father and Michelle Lonier ("Mother") never married but have one child together, born in 2021. In 2022, Father petitioned the superior court to establish legal decision-making authority, parenting time, and child support.

¶3 On the eve of trial, the parties agreed to joint legal decision-making authority, equal parenting time, and temporary child support. They also agreed to implement a 5-2-2-5 parenting time schedule after the child turned three years old in 2024. Under that schedule, Father has the child Monday and Tuesday every week, Mother has the child Wednesday and Thursday each week, and they alternate Friday, Saturday, and Sundays. The parties agreed to some holidays (Christmas, fall and spring breaks, Mother's Day, and Father's Day) and vacation parenting time.

¶4 At trial, relevant to this appeal, the parties disputed the allocation of the Monday holidays, such as Martin Luther King, Jr. Day, President's Day, Memorial Day, and Labor Day. Mother proposed an odd year/even year split. Whereas Father suggested that Monday holidays follow the regular parenting time schedule, except that Mother could have every other Memorial Day. The superior court ordered that the parent who has the child for the weekend before the Monday holiday will have parenting time for the Monday holiday until 6 p.m. The court's final judgment also ordered that the parties alternate having the child on the child's birthday each year.

¶5 Mother moved to alter or amend the judgment, arguing the child spent her first two birthdays in 2022 and 2023 with Father, so Mother should have parenting time on the child's next two birthdays and requested

2

that the parties would alternate birthdays starting in 2026. The court granted Mother's requests while otherwise affirming the prior Monday holiday parenting time orders.

**¶6**         Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**         We review parenting time orders for an abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). We accept the superior court's factual findings absent clear error, *id.*, and will affirm unless the record is "devoid of competent evidence to support the decision," *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

## I.    The Court Did Not Abuse Its Discretion as to the Monday Holiday Parenting Time Order

**¶8**         Father argues it was "inequitable" for the child to remain with the parent who has parenting time the weekend before a Monday holiday. He also contends the superior court did not state why its order was in the child's best interests as required by statute. *See* A.R.S. § 25-403(B) ("In a contested . . . parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child.").

**¶9**         The superior court must order parenting time that is "[c]onsistent with the child's best interests[.]" A.R.S. § 25-403.02(B). This statutory obligation does not require equal parenting time, nor does it support Father's contention that parenting time must be "equitable." The foremost consideration is the child's best interests. *Mesa v. O'Connor*, 141 Ariz. Cases Dig. 23, 31–32, ¶ 20 (App. 2025); *Smith v. Smith*, 253 Ariz. 43, 47, ¶ 18 (App. 2022).

**¶10**         Here the court concluded it was generally in the child's best interests to alternate holidays. Under the 5-2-2-5 plan, Father has the child every Monday. Father argues that because of this, he loses his Monday parenting time on some three-day holiday weekends. Although true, the court did not abuse its discretion by concluding it was in the child's best interests to share holidays with both parents. *Mesa*, 141 Ariz. Cases Dig. at 31–32, ¶ 20; *Smith*, 253 Ariz. at 47, ¶ 18. As the court noted, holidays (not Mondays) are special times for parents and children to share. Its order ensures that *both* parents are able to share Monday holidays with the child. Father has shown no abuse of discretion.

## II.     The Record Supports the Birthday Parenting Time Order

¶11     The superior court granted Mother's request to have the child on the child's birthday in 2024 and 2025. Mother testified that Father had the child on the child's birthday in 2022 and 2023, so her request would equalize the birthday parenting time. Father did not dispute this at trial. However, he now argues on appeal, without record support, that Mother had the child for the child's birthday in 2022.

¶12     Mother's testimony supports the decision to award her two birthdays in a row to equalize the birthday parenting time. *See Imperial Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 72 (App. 1986) ("It is well established that the testimony of an interested party is competent evidence; interest merely goes to its credibility."). Father has shown no abuse of discretion.

## III.    Attorneys' Fees and Costs on Appeal

¶13     Both parties request an award of attorneys' fees under A.R.S. § 25-324. After considering the reasonableness of the parties' positions and the disparity in the parties' financial resources favoring Father, we award Mother her reasonable fees and costs on appeal upon compliance with ARCAP 21.

### CONCLUSION

¶14     We affirm the parenting time orders.

